**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **CARLOS NAVARRO,** | ) | |
| | ) | |
| ***Plaintiff,*** | ) | |
| **vs.** | ) | **Case No:** |
| | ) | |
| | ) | |
| **UNIFIED GOVERNMNT OF** | ) | |
| **WYANDOTTE COUNTY, KANSAS** | ) | |
| As Representative of Kansas City Kansas | ) | |
| Police Department | ) | **Jury Trial Demanded** |
| | ) | |
| | ) | |
| Serve: Monica Sparks | ) | |
| Unified Government Clerk | ) | |
| 710 N. 7th Street, Suite 323 | ) | |
| Kansas City, KS 66101 | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| ***Defendant.*** | ) | |

## COMPLAINT

Plaintiff Carlos Navarro ("Plaintiff"), by and through his undersigned counsel, for his Complaint against Unified Government of Wyandotte County, Kansas (Defendant), states and alleges as follows:

## Nature of Action

1. This is an action for legal and equitable relief to address the deprivation of Plaintiff's civil rights based on national origin discrimination, including a hostile work

environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, U.S.C.A. § 2000e *et seq*. (Title VII).

**Parties**

2. Plaintiff is an individual and a resident of Kansas City, Kansas.

3. At all times pertinent to this Complaint, Plaintiff was an employee within the meaning of Title VII.

4. Defendant is a government entity in the State of Kansas.

5. At all times relevant hereto, Defendant is an employer governed by Title VII.

6. On information and belief, Defendant employs (and at all times relevant has employed) more than 500 employees.

**Jurisdiction and Venue**

7. The claims alleged arise out of Plaintiff's employment with Defendant in Kansas City, Kansas.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claim arises under the laws of the United States.

9. This Court has general personal jurisdiction over Defendant because it is subject to service of process in the State of Kansas and has affiliations with the State of Kansas that are so continuous and systematic as to render it essentially at home in this State. This Court has specific personal jurisdiction over Defendant because the claim against it arises out of its acts in the State of Kansas that were purposefully directed at a resident of this State, including the commission of tortious acts.

10. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claim against Defendants occurred in this judicial district.

**Administrative Procedures**

11. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about **January 7, 2026**. A true and correct copy of her charge is attached as **Exhibit A** and is incorporated herein by reference.

12. The EEOC issued Plaintiff a Notice of Right to Sue on **June 25, 2026.** A true and correct copy of those notices are attached as **Exhibit B** and are incorporated herein by reference.

13. This lawsuit has been timely filed with this Court, and Plaintiff has fully complied with all administrative prerequisites before filing this action.

**General Allegations**

14. Plaintiff began working for the Kansas City Kansas Police Department ("Defendant") in 2012 as a Patrol Officer.

15. Plaintiff spent two years on patrol until he transferred to Task Force Operations working in conjunction with Drug Enforcement Administration (DEA) – Narcotics.

16. Plaintiff worked undercover with the DEA and KCKPD.

17. As Plaintiff's career progressed, he has applied for and been denied promotions because he was pigeonholed into a position because of his national origin – Hispanic.

18. The department needed a Spanish speaking Hispanic man to work undercover and placed obstacles for promotion so that Hispanic officers have to stay in these positions.

19. In 2021 Plaintiff signed up for a promotional test, nearly 9 years after being on the Department.

20. Just days after Plaintiff signed up, he received an email saying that he did not qualify to take the promotional test and was being removed from the list.

21. When Plaintiff inquired as to why he was not eligible he was told that he had not completed the required four years of "Operations" outlined in the memorandum of understanding ("MOU") between the Unified Government of Wyandotte County and Kansas City, Kansas and the Fraternal Order of Police, Lodge #4 of Kansas City, Kansas[1].

22. Plaintiff protested this because he has in fact completed his time in "Operations" because his unit "Narcotics" was labeled under Operations.

23. Plaintiff was told that the contract did not "mean to say that" and "everybody knows what it means."

24. Plaintiff's command staff then moved the goal post and seemingly out of nowhere, said it meant that you had to "be in uniform."

25. This, of course, would be impossible for an undercover agent to wear a patrol uniform.

[1] Patrolmen shall not be eligible to take the written test for Sergeant or Detective until they have served four (4) years as police officers with at least three (3) years in the Bureau of Operations as members of this Department.

26. Even then, Plaintiff informed them that he was "in uniform" per his position which labeled his uniform as "plain clothes."

27. Then the goalpost was moved again, and he was told it was "in uniform" and "answering calls[2]."

28. After Plaintiff brought this to the Department's attention, the contract was changed to better fit the Department's narrative and further discrimination.

29. Effectively, this new contract change made it virtually impossible for Plaintiff or other Spanish speaking Hispanic officers to be promoted, namely, Officers Silvestre, Soc-Leyva, Marquez, and Salas.

30. Then in 2025 the promotional testing opened again. Plaintiff was again excluded from eligibility based on the discriminatory policies of the Department and filed a formal complaint stating:

> "I am making a formal complaint of discrimination based on my national origin. Recently I applied to test for Sergeant or Detective and was informed I was not able to because my job titles at KCKPD did not meet the requirements to test. I have been in the narcotics division doing uncover work for 7 years. During this time my title is patrolman. The policy requires 3 years of patrol experience in order to test, which I believe my experience should qualify me for, but it does not. Because of my Spanish speaking ability, I am consistently assigned job duties where I am used for that skill alone. The effect of this is this is that I will continue to be ineligible to promote for the foreseeable future. I and other Hispanic officers have the same issue and believe this policy is having a discriminatory impact on KCKPD's Hispanic officers."

[2] Referring to responding to 911 calls.

31. A similarly situated female officer, Jovanna Cheatum, was allowed eligibility despite not completing the required time on patrol.

32. After Plaintiff filed his complaint of discrimination, the Department initiated an investigation. However, the investigation was a sham.

33. The Department did not even interview the people that Plaintiff mentioned received similar discriminatory treatment and simply concluded that Plaintiff's complaint held no validity.

34. As it stands to this day, according to Defendant's discriminatory policies, Plaintiff remains ineligible for promotion despite 13 loyal years to the Department.

**Count I**
**National Origin Discrimination, including Hostile Work Environment under Title VII**

35. Plaintiff incorporates by reference all paragraphs and allegations in this Complaint as though fully set forth herein.

36. Plaintiff is a Hispanic male who was subjected to discrimination because of his national origin.

37. Plaintiff was subjected to disparate treatment by Defendant, including but not limited to, being subjected to a hostile work environment and failing to promote Plaintiff despite his qualifications and performance.

38. Defendant's discrimination against Plaintiff based on his national origin was sufficiently severe or pervasive that it altered the terms or conditions of his employment and created an abusive working environment.

39. Plaintiff's national origin was a motivating factor for Defendant's actions.

40. Defendant's conduct was outrageous, intentional, willful, or shows an evil motive or reckless indifference or conscious disregard for Plaintiff's rights and right of others, and therefore Defendant is liable for punishment and deterrence purposes.

41. As a result of Defendant's conduct, Plaintiff has suffered and will continue to suffer damages, including lost wages, benefits, and other monies wrongfully taken from him, and emotional distress.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant on Count I of his complaint, finding that he has been subjected to unlawful national origin discrimination in violation of Title VII, for an award of compensatory damages, and for his reasonable attorneys' fees, costs, pre- and post-judgment interest as allowed by law, and for such other and further relief as this Court deems just and proper, including equitable relief.

## Count II
## Retaliation under Title VII

42. Plaintiff incorporates by reference all paragraphs and allegations in this Complaint as though fully set forth herein.

43. Plaintiff opposed and reported unlawful discrimination in the workplace by reporting national origin discrimination to human resources and other Defendant management

44. Plaintiff's opposition to and reports of discrimination in the workplace constituted protected activities.

45. By reason of Plaintiff's opposition and reports, Defendant retaliated against Plaintiff, by including but not limited to, failing to promote Plaintiff.

46. Plaintiff's opposition to and reports of discrimination were causally connected and a motivating factor for Defendant's actions.

47. Defendant's conduct was outrageous, intentional, willful, or shows an evil motive or reckless indifference or conscious disregard for Plaintiff's rights and right of others, and therefore Defendant is liable for punishment and deterrence purposes.

48. As a result of Defendant's conduct, Plaintiff has suffered and will continue to suffer damages, including lost wages, benefits, and other monies wrongfully taken from her, and emotional distress.

## Prayer for Relief

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment against Defendant for Counts I and II and for actual and special damages including emotional distress, back pay and benefits with interest, front pay and benefits, attorneys' fees and costs incurred, and for such other and further relief as the Court deems just and necessary.

## Demand for a Jury Trial

Plaintiff hereby demands a trial by jury on all claims and issues so triable.

## Designated Place of Trial

Plaintiff, by and through counsel, hereby designates the United States District Court for the District of Kansas at Kansas City as the place of trial.

Respectfully Submitted,

**BROWN, CURRY & DUGGAN, LLC**

________________________
Sarah J. Duggan
Kansas Federal Bar Number #79092
Jonathan K. McCoy KS# 18537

1600 Genessee STE 956
Kansas City, Missouri 64101
Ph: 816-756-5458
Attorneys for Plaintiff
sduggan@brownandcurry.com
jon@brownandcurry.com